[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11023
Non-Argument Calendar

_____

Agency No. A088-307-309

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2011
JOHN LEY
CLERK

RI XING CHEN,
a.k.a. Yamamoto Kayo,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 11, 2011)

Before HULL, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Ri Xing Chen, a native and citizen of China, seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). The BIA based its decision on Chen's failure to show a well-founded fear of future persecution as a practitioner of Falun Gong.

Chen argues on appeal that the BIA improperly focused on the fact that she was not a leader of Falun Gong, and failed to consider her particular circumstances. She points out that the U.S. Department of State's Country Reports for China establish that even mere practitioners of Falun Gong are subjected to imprisonment, abuse, and reeducation camps. Moreover, she states that the Chinese government's issuance of a wanted poster and reward for her capture suggests the government may in fact regard her as a Falun Gong leader. For these reasons, she asserts that she established a well-founded fear of future persecution and is eligible for asylum and withholding of removal. She also contends that she is eligible for CAT relief based on reports that Falun Gong practitioners are tortured when in custody and in reeducation camps. Upon a review of the entire record on appeal, and after consideration, we deny Chen's petition.

When the BIA issues a decision without expressly adopting the reasoning of the IJ, as is the case here, we review only that decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Our standard of review requires that we apply a substantial evidence test to determine if the BIA's decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id. at 1283–84 (quotation marks omitted).  Under this test, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).  We may reverse the BIA's factual findings only when "the record compels a reversal," and the fact that the record offers some support for petitioner's case is not enough to reverse.  Id.

Under the Immigration and Nationality Act ("INA"), the Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee," as defined by 8 U.S.C. § 1101(a)(42)(A).  INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A).  A refugee is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion,

3

nationality, membership in a particular social group, or political opinion
. . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status, and thereby establishing asylum eligibility. Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish either (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230–31 (11th Cir. 2005). When there is no evidence of past persecution, as is the case here, an applicant establishes a well-founded fear of future persecution by demonstrating that his or her fear of persecution is both "subjectively genuine" and "objectively reasonable." Al Najjar, 257 F.3d at 1289.

Chen acknowledges our past observation that "[i]nvolvement with Falun Gong in China by itself does not" establish a reasonable possibility of future persecution at the hands of the Chinese government on the basis of religious belief. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006). To be sure, as the State Department has pointed out, the Chinese government continues "to wage a severe campaign" against Falun Gong. Many Falun Gong practitioners

4

have faced punishments that include imprisonment, severe beatings, torture, and involuntary confinement to mental hospitals, with the harshest punishments reserved for the movement's "core leaders."  However, most practitioners, if punished, are punished administratively.  Administrative punishments, according to the State Department, may include sentences to "RTL" (reeducation through labor) camps and to "'legal education' centers specifically established to 'rehabilitate' practitioners who refuse[] to recant publicly their belief voluntarily."  These sentences are generally followed by release from any detention.  Administrative punishments also can include the loss of employment.

We recognize that, based on her beliefs and the Chinese government's past interest in arresting her, Chen faces the possibility of arrest, detention, and some form of punishment if returned to China.  Neither do we dispute Chen's contention that there may be circumstances when so-called administrative punishments may reach the high threshold we have set for what counts as persecution.  See Sepulveda, 401 F.3d at 1231 (describing persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution" (quotation marks omitted)); see also Zheng, 451 F.3d at 1290–91 (cataloguing cases in which this and other circuits have failed to find persecution despite evidence of detention and

5

physical harm). Yet, based on a standard of review under which we must "draw all reasonable inferences in favor of" the BIA's decision, Adefemi, 386 F.3d at 1027, we are unable to conclude that the evidence offered in this case compels the conclusion that Chen has a well-founded fear of treatment rising to the level of persecution.

First, given that Chen was not a leader of Falun Gong, unlike her friend who allegedly was tortured to death, it remains unclear whether the government would have subjected Chen to persecution if it had arrested her in the spring of 2007. Second, we lack specific and credible evidence that, nearly five years after the incident triggering her flight from China, Chen would face treatment in China rising to the "extreme" level of persecution, cf. Sepulveda, 401 F.3d at 1231–32 (determining that because "the evidence [did] not indicate [Sepulveda's] notoriety as an activist would outlast her four-year absence from Columbia," the evidence failed to "compel the conclusion Sepulveda had a well-founded fear that the ELN retain[ed] an inclination to single her out for persecution"), as opposed to the kind of administrative sanction that appears to be common for those who are not Falun Gong leaders. For these reasons, we are unable to say that Chen has met the heavy evidentiary burden required before we can reverse the BIA's decision. But see Zhou v. Gonzales, 437 F.3d 860 (9th Cir. 2006) (holding that evidence including

arrest of alien's friend after receiving Falun Gong articles, letters stating that police repeatedly tried to arrest alien, copies of search and arrest warrants, together with State Department Country Reports, demonstrated an individualized risk to alien sufficient to compel the conclusion of alien's well-founded fear of persecution if returned to China).  We therefore deny Chen's petition for asylum.

Because we hold that Chen has not satisfied the less stringent standard for asylum, we also deny her petition for review of her claims for withholding of removal under the INA and for CAT relief.  See Zheng, 451 F.3d at 1292 (automatically denying claims for withholding of removal and CAT relief where petitioner fails to establish claim of asylum on merits); Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) (same).

**PETITION DENIED.**